IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JESSIE JAMES, )
)
       Plaintiff, )
)
v. ) Case No. CIV-10-106-D
)
MIKE ADDISON, *et al.*, )
)
       Defendants. )

## **Report and Recommendation**

The Court should deny the Plaintiff's motion for pauper status and order prepayment of the filing fee.

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), a prisoner cannot proceed *in forma pauperis* if he has, on three or more prior occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. James has had three or more dismissals for frivolousness, maliciousness, or failure to state a claim on which relief can be granted.[1]

---

[1]     *See James v. Gibson*, Case No. CIV-95-927-T (W.D. Okla. Sept. 11, 1995) (dismissal under the former 28 U.S.C. § 1915(d)); *James v. Scott*, Case No. CIV-98-942-T (W.D. Okla. Sept. 9, 1998) (dismissal for frivolousness); *James v. Griffin Memorial Hospital*, Case No. CIV-93-2143-T (W.D. Okla. Feb. 16, 1994) (dismissal for frivolousness); *James v. Cotner*, Case No. CIV-95-1722-T (W.D. Okla. Dec. 13, 1995) (dismissal for frivolousness).

The Court ordered the Plaintiff to show cause why pauper status should be permitted in light of these dismissals. The Plaintiff did not respond, and his deadline expired one week ago.

The Plaintiff has requested leave to make payments toward the $350.00 filing fee. But the Court has no authority to allow payments toward the filing fee. Under federal law, the claimant must ordinarily prepay the entire filing fee.[2] Federal law provides an exception through status as a pauper, which would entitle commencement of the suit "without prepayment of fees." 28 U.S.C. § 1915(a)(1). As noted above, however, the Plaintiff is not entitled to proceed *in forma pauperis* in light of the prior dismissals. *See supra* pp. 1-2. Thus, there is no authority for the Court to permit the Plaintiff to avoid prepayment of the filing fee.[3]

Under Local Civil Rule 3.3(e), the Court should order the Plaintiff to pay the entire $350.00 filing fee within 21 days.[4]

---

[2]  *See* 28 U.S.C. §1914(a); *see also Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) ("To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." (citing 28 U.S.C.A. § 1914(a) (West Supp. 1998))), *overruled in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

[3]  Local Civil Rule 3.2 provides: "Except as provided in LCvR 3.3 [which addresses *in forma pauperis* applications] or by order of the Court in a specific case, the Clerk of this Court shall require payment of the filing fees before any civil action, suit, or proceeding is filed."

[4]  This rule states:

> In the event the [*in forma pauperis*] application is denied, the filing party shall have 21 days, unless a different time is specified by the Court, within which to pay the required filing fees. Upon payment of the filing fees within this period, the formal filing of the pleadings shall relate back to the date the pleadings were conditionally filed. Failure to pay the filing fees by the date specified, to seek a timely extension

The Plaintiff is advised of his right to object to this report and recommendation by March 29, 2010. *See* Fed. R. Civ. P. 6(a)(3)(A), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1). If Mr. James does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Plaintiff is further advised that the failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral. If the Plaintiff does timely pay the filing fee, the undersigned would suggest recommitment for further proceedings.

Entered this 10th day of March, 2010.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

within which to make the payment, or to show cause in writing by the date specified for payment shall be cause for dismissal of the action without prejudice to refiling.

Local Civil Rule 3.3(e).